UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK C. CONNELL,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 13-2090 JC<br><br>MEMORANDUM OPINION AND ORDER OF REMAND |

**I. SUMMARY**

On March 22, 2013, plaintiff Frederick C. Connell ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; March 25, 2013 Case Management Order ¶ 5.

///

///

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits on November 30, 2010 and December 6, 2010, respectively. (Administrative Record ("AR") 14, 127, 136). Plaintiff asserted that he became disabled on February 21, 2002, due to depression, anxiety attacks, mania and strokes. (AR 150). The ALJ examined the medical record and on February 2, 2012 heard testimony from plaintiff (who was represented by counsel) and ordered a consultative psychological examination of plaintiff. (AR 34-48).

On March 29, 2012, the Administrative Law Judge ("ALJ") determined that plaintiff was not disabled through the date of the decision. (AR 14-23). Specifically, the ALJ found:  (1) plaintiff suffered from the following severe impairments:  status post shoulder surgery, hypertension, and bipolar disorder not otherwise specified ("NOS") (AR 16); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 17-19); (3) plaintiff retained the residual functional capacity to perform medium work (20 C.F.R. §§ 404.1567(c), 416.967(c)) with additional limitations[1] (AR 19); (4) plaintiff could perform his past relevant work as a telemarketer (AR 21-22); (5) alternatively, there are jobs that exist in significant numbers in the national economy that plaintiff could perform (AR 22); and (6) plaintiff's allegations

///

---

[1]The ALJ determined that plaintiff:  (i) could stand, walk or sit for six hours in an eight-hour workday; (ii) could frequently balance, stoop, kneel, crouch and crawl; (iii) could occasionally climb ramps and stairs; (iv) could not climb ladders, ropes or scaffolds; (v) could frequently reach overhead with the left upper extremity; and (vi) was limited to work involving simple, repetitive tasks. (AR 19).

regarding his limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 19).

The Appeals Council denied plaintiff's application for review. (AR 1).

### III. APPLICABLE LEGAL STANDARDS

#### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

///
///

1  (4) Does the claimant possess the residual functional capacity to
2      perform claimant's past relevant work? If so, the claimant is
3      not disabled. If not, proceed to step five.
4  (5) Does the claimant's residual functional capacity, when
5      considered with the claimant's age, education, and work
6      experience, allow the claimant to adjust to other work that
7      exists in significant numbers in the national economy? If so,
8      the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.  Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and

evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that a reversal or remand is warranted, in part, because the ALJ failed properly to consider the opinions of Dr. E. Grigor, plaintiff's treating psychiatrist. (Plaintiff's Motion at 6-8, 13).  The Court agrees.  As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

### A. Pertinent Law

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided.  Courts distinguish among the opinions of three types of physicians:  those who treat the claimant ("treating physicians") and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians") and those who neither examine nor treat the claimant ("nonexamining physicians"). Lester v. Chater, 81 F.3d 821, 830 (9th Cir.), as amended (1996) (footnote reference omitted).  A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion.  See id.  In general, the opinion of a treating physician is entitled to greater weight than that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

A treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability.  Magallanes v.

Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007). An ALJ can reject the opinion of a treating physician in favor of a conflicting opinion of another examining physician if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. Id. "The ALJ must do more than offer his conclusions." Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). "He must set forth his own interpretations and explain why they, rather than the [physician's], are correct." Id.; see Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by setting out detailed and thorough summary of facts and conflicting clinical evidence, stating his interpretation thereof, and making findings). "Broad and vague" reasons for rejecting a treating physician's opinion do not suffice. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir.1989).

### B.      Pertinent Facts

In a December 7, 2011 Mental Residual Functional Capacity Questionnaire, Dr. Grigor diagnosed plaintiff with major depressive disorder with psychotic features, rule out post traumatic stress disorder and Cluster "A" personality disorder, and opined that (i) plaintiff's symptoms included decreased energy, easy distractability, emotional withdrawal or isolation, feelings of guilt or worthlessness, generalized persistent anxiety, hallucinations or delusions, paranoid thinking or inappropriate suspiciousness, pathologically inappropriate suspiciousness or hostility and sleep disturbance; (ii) plaintiff's impairments were reasonably consistent with his symptoms and functional limitations; (iii) plaintiff had moderate to marked limitations in multiple mental abilities (*i.e.*, understanding and memory, sustained concentration and persistence, social interaction, adaptation); (iv) plaintiff would require one or two unscheduled breaks (in

addition to the three usual breaks) every two hours during an eight-hour workday; (v) plaintiff would likely have "good" and "bad" days; and (vi) plaintiff would likely be absent from work more than four days per month as a result of his impairments or related treatment (collectively "December Opinions"). (AR 356-61).

In the administrative decision, the ALJ observed that the record contained a "December 2011 [] Mental Residual Functional Capacity Questionnaire [] completed by what appears to be one of [plaintiff's] treating psychiatrists" (*i.e.*, Dr. Grigor's December Opinions) but concluded that the opinions expressed therein deserved "little weight" because they "[were] not consistent with the mental health treatment records or the record as a whole." (AR 21) (citing Exhibit 12F [AR 356-61]).

In a memo dated June 13, 2012 and submitted to the Appeals Council after the ALJ's decision, Dr. Grigor (i) noted that plaintiff had been receiving mental health services at the Edelman Mental health Clinic since September 20, 2010; (ii) reiterated that plaintiff had been diagnosed with "Major Depressive Disorder with psychotic features and Generalized Anxiety Disorder, [rule out] Bipolar Disorder NOS and Post Traumatic Stress Disorder"; (iii) opined that plaintiff had "marked limitation" in his ability to cope with stress and anxiety, and had "severe depression with suicidal thoughts, paranoid ideation, hostility mood, instability, decrease[d] concentration, severe limitation in social interaction, marked inability to complete a normal work day and work week without interruption of his symptoms"; and (iv) concluded that plaintiff "could not maintain a work schedule," "would miss more than four days of work per month," and "[e]ven with

///
///
///
///

continued treatment and medication [] would unlikely be able to work [in the] foreseeable future" (collectively "June Opinions").[2] (AR 7).

### C.  Analysis

The Court concludes that the ALJ failed properly to consider Dr. Grigor's December Opinions.  As noted above, the ALJ rejected such opinions essentially because they were "not consistent with the mental health treatment records or the record as a whole."  (AR 21).  The ALJ's broad and vague reasons, however, are insufficient.  McAllister, 888 F.2d at 602.  More specifically, the ALJ failed to explain precisely how Dr. Grigor's progress notes or the medical record as a whole undermined the treating physician's opinions.  In fact, the record contains multiple pages of treatment notes from Dr. Grigor and other mental health professionals in the same practice (*i.e.*, Edelman Westside Mental Health Clinic) from a period of almost two years which suggest otherwise.  (AR 215-41, 299-353).  To the extent the ALJ felt that such treatment records were inadequate to allow for proper evaluation of Dr. Grigor's December Opinions, the ALJ should have contacted Dr. Grigor to clarify any ambiguity.  See Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) (citation omitted) (Although plaintiff bears the burden of proving disability, the ALJ has an affirmative duty to assist the claimant in developing the record "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."); Tonapetyan v. Halter, 242 F.3d

---

[2]Since the Appeals Council included the June Opinions in the administrative record, this Court also considers such evidence in determining whether the ALJ's decision was supported by substantial evidence and free from legal error.  See Brewes v. Commissioner of Social Security Administration, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.") (citation omitted); see also Taylor v. Commissioner of Social Security Administration, 659 F.3d 1228, 1232 (9th Cir. 2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error") (citations omitted).

1144, 1150 (9th Cir. 2001) (ALJ has duty to develop record fully whether or not claimant is represented – a duty that is "heightened where the claimant may be mentally ill") (citations omitted).

To the extent defendant suggests that the ALJ properly rejected Dr. Grigor's December Opinions simply because they were contradicted by the opinions of Dr. M. Salib, the reviewing physician (AR 246-59), and Dr. Ahmad R. Riahinejad, the consultative examining psychologist (AR 383-89), defendant's suggestion lacks merit. See Orn, 495 F.3d at 632 ("Even if the treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record."); Brewer v. Astrue, 2013 WL 140241, at *2 (C.D. Cal. Jan. 9, 2013) ("[T]he contradiction of a treating physician's opinion by another physician's opinion triggers rather than satisfies the requirement of stating 'specific, legitimate reasons.'") (citations omitted).

Although, as defendant suggests, the ALJ may be able to reject Dr. Grigor's Opinions on other grounds (Defendant's Motion at 5-7), the ALJ did not do so in the administrative decision. This Court may not affirm the ALJ's non-disability determination based on reasons not articulated by the ALJ. See Molina, 674 F.3d at 1121 (citing Securities and Exchange Commission v. Chenery Corp., 332 U.S. 194, 196 (1947)) ("[courts] may not uphold an [ALJ's] decision on a ground not actually relied on by the agency"); Orn, 495 F.3d at 630 ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

///
///
///

Finally, the Court cannot find that the ALJ's error was harmless.[3] As noted above, in the December Opinions, Dr. Grigor opined, in part, that plaintiff suffered from significant psychological symptoms and multiple moderate/marked limitations in his mental abilities, plaintiff would need to take multiple unscheduled breaks each workday, and plaintiff would likely be absent from work more than four days per month. (AR 356-61). In the June Opinions Dr. Grigor essentially concluded that, due to such severe psychological symptoms and impairments, plaintiff would be unable to maintain a regular work schedule for the foreseeable future even with treatment and medication. (AR 7). In light of the foregoing, the Court cannot conclude that it was proper for the ALJ to rely solely on the "Grids" (*i.e.*, the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2) to satisfy the Commissioner's burden at step five.[4] See Hoopai v. Astrue, 499 F.3d 1071, 1075 (9th Cir. 2007) ("[T]he grids are inapplicable [when] a claimants non-exertional limitations are 'sufficiently severe' so as to significantly limit the range of work permitted by the claimant's exertional limitations.") (citation and internal quotation marks omitted); see also Desrosiers v. Secretary of Health & Human Services, 846 F.2d 573, 578 (9th Cir. 1988) (Pregerson, J., concurring) (There are "strict limits" on when the Commissioner may use the Grids at step five.). Moreover, the Court also cannot conclude that the ALJ's nondisability determination would have been the same had the ALJ

---

[3] The harmless error rule applies to the review of administrative decisions regarding disability. See Molina, 674 F.3d at 1115-22 (discussing contours of application of harmless error standard in social security cases) (citing, *inter alia*, Stout, 454 F.3d at 1054-56).

[4] At step five of the sequential evaluation process, the Commissioner has the burden to demonstrate that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity, age, education, and work experience. Tackett, 180 F.3d at 1100 (citation omitted). The Commissioner may satisfy this burden, depending upon the circumstances, by obtaining testimony from an impartial vocational expert or by reference to the Grids. Id. at 1100-01 (citations omitted).

included Dr. Grigor's severe mental limitations in his residual functional capacity assessment for plaintiff. See Stout, 454 F.3d at 1055 (ALJ's error harmless only where it is "inconsequential to the ultimate nondisability determination"); see also Sawyer v. Astrue, 303 Fed. Appx. 453, 455 (9th Cir. 2008) (error in ALJ's failure properly to consider medical opinion evidence considered harmless only "where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion. . . .") (citing id.).

Accordingly, this case must be remanded to permit the ALJ properly to consider the medical opinion evidence.

## V. CONCLUSION[5]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[6]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 25, 2013

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[6] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister, 888 F.2d at 603.